IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                        Criminal Action No.: 1:23CR77

ANDREW MURPHY

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant, ANDREW MURPHY, has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.     GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Information, which charges that on or about March 17, 2023, in the Northern District of Mississippi, ANDREW MURPHY, defendant, did knowingly possess images and videos of visual depictions of minors engaging in sexually explicit conduct which were produced using minors engaged in sexually explicit conduct, and which had been shipped or transported in interstate commerce and which were produced using materials which had been shipped or transported in interstate commerce, in violation of Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2), and 2256(2)(A), which carries maximum possible penalties of not more than 10 years incarceration, not less than 5 years and not more than life supervised release, a $250,000 fine, an additional assessment of $5,000, a $17,000 possession assessment, restitution as appropriate to the victim(s), and a special assessment of $100.

2.     REGISTRATION REQUIREMENT: As a result of the conviction on this Count,

the defendant is required to register as a sex offender and keep the registration current in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student pursuant to the Sex Offender Registration and Notification Act. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under Title 18, United States Code, Section 2250 and face a penalty of up to ten years imprisonment.

3. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

4. RESTITUTION: Pursuant to Title 18, United States Code, Sections 3663(a)(3), 3663A(a) and (b), 3664, 2248, and 2259, the defendant agrees to make full restitution to all minor victims of his offenses. The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

5. ABANDONMENT: The defendant agrees to the abandonment of all interest, right, title, and claims defendant has in the items listed in the Information pursuant to the Forfeiture Notice.

6. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

7. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the

provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

8. <u>ACKNOWLEDGMENTS</u>: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion.

The defendant is pleading guilty because defendant is in fact guilty.

This the 26 day of May, 2023.

CLAY JOYNER
United States Attorney
Mississippi Bar No. 10316

AGREED AND CONSENTED TO:

ANDREW MURPHY
Defendant

APPROVED:

CHRIS KITCHENS
Attorney for Defendant
Mississippi Bar No.

3